**Martin A. LEHMAN, Plaintiff–Appellant,**

v.

**John DOE, Supervisor of Mary Flynn, Individually and in his official capacity as United States Postal Inspector, Linda Farrel, Defendants,**

**Francis D. Quigley, Indivdually and in his official capacity in the Nassau County District Attorneys office, Robert L. Emmons, Individually and in his official capacity in the Nassau County District Attorneys office, Rodolfo Barrio, Individually and in his official capacity as a Nassau County Police Officer, Joseph Molinelli, J. Algieri, Individually and in his official capacity as a Nassau County Police Officer, George V. Cats, Individually**
**and in his official capacity as a Nassau County Police Officer, Maryann C. Flynn, Individually and in her official capacity as a United States Postal Inspector, George L. Roberts, Scott Jaffer, Philip T. Blessinger, Atlantic Mutual Insurance Company, Zurich American Insurance Company, United Postal Service, ACE American Insurance Company, formerly known as Cigna Insurance Company, Defendants–Appellees,**

**Barbara KORNBLAU, Individually and in her capacity as Assistant District Attorney of Nassau County, Dennis E. Dillon, Individually and in his official capacity as District Attorney of Nassau County, National Insurance Crime Bureau, County of Nassau, Defendants–Cross–Defendants–Appellees,**

**Daphne J. STASCO, Sunnydale Farms Company, Defendants–Cross–Claimants–Appellees.**

Docket No. 02–6182.

United States Court of Appeals, Second Circuit.

May 21, 2003.

Amended June 2, 2003.

254

Martin A. Lehman, West Hempstead, N.Y., for Appellant, pro se.

Dennis J. Saffran, Nassau County Attorney, (Lorna B. Goodman, on the brief), Mineola, N.Y., for Appellees Quigley, Emmons, Barrio, Algieri, Cats, Kornblau, Dillon, and County of Nassau.

Joseph Molinelli, Oviedo, FL, for Appellee Molinelli, pro se.

Susan L. Riley, Assistant United States Attorney for the Eastern District of New York, Central Islip, N.Y., for Appellees Flynn, and United Postal Service.

Roger A. Goodnough, Torre, Lentz, Gamell, Gary & Rittmaster, Jericho, N.Y., for Appellees Roberts, Jaffer, and Atlantic Mutual Insurance.

Steven B. Prystowsky, Lester, Schwab Katz & Dwyer, LLP, New York, N.Y., for appellee Zurich American Ins. Co.

Joseph Savona, Savona & Scully, New York, N.Y., for appellees Philip T. Blessinger, Ace American Ins. Co. and National Ins. Crim Bureau.

Eleanor R. Goldman, Goldman & Grossman, New York, N.Y., for Appellees Stasco and Sunnydale Farms, Inc.

Present: WALKER, Chief Judge, WINTER, Circuit Judge, and CARMAN,* Chief Judge.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED AND DECREED that the judgment of the district court be and it hereby is **AFFIRMED**.

Defendant-appellant Martin A. Lehman appeals from the district court's dismissal, pursuant to Fed.R.Civ.P. 12(b)(1) and (6), of Lehman's seventh cause of action in his 42 U.S.C. §§ 1983, 1985, 1986 and 1988 complaint against defendants. Lehman argues that this cause of action was erroneously dismissed because the Fourteenth Amendment is "separate and distinct from" 42 U.S.C. § 1985(3). We affirm.

We review "*de novo* the district court's decision to dismiss a complaint for failure to state a claim, taking all factual allegations as true and construing all reasonable inferences in the plaintiff's favor." *Lee v. Bankers Trust Co.*, 166 F.3d 540, 543 (2d Cir.1999).

In his seventh cause of action, plaintiff alleges that "[d]efendants have acted under color of law pursuant to official policy in conjunction with law enforcement officials in contravention of Plaintiff's constitutional and statutory rights as set forth, but not limited to, the Fourth and Fourteenth Amendments to the United States Constitution, as well as 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986 and 28 U.S.C. § 1343." The district court dismissed the seventh cause of action because it "essentially repeats the claims in the first, second, and third causes of action." Lehman argues that the cause of action was erroneously dismissed because the Fourteenth Amendment is "separate and distinct from" 42 U.S.C. § 1985. However, we agree with the district court that the substance of Lehman's seventh cause of action is the same as his prior claims. The seventh claim does not allege any additional facts or legal theories different from those alleged in his first three causes of action, particularly conspiracy, false arrest and malicious prosecution. The only

---

* The Honorable Gregory W. Carman, Chief Judge, United States Court of International Trade, sitting by designation.

difference between the seventh and the prior causes of action is that in the seventh Lehman includes the Fourteenth Amendment as a basis for his action. However, when § 1983 provides a remedy, an implied cause of action grounded directly in the Constitution is not available. *See Pauk v. Bd. of Trustees of City Univ. of New York,* 654 F.2d 856, 865 (2d Cir.1981). Thus, the seventh cause of action was redundant of the prior causes of action and the district court correctly dismissed it.

Accordingly, for the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**